## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

NATALIA EVANS

REBECCA EVANS

        Plaintiffs,

-against-

ERIKA V. CUENCA

GREGORY K. COSTANTINO and

THE COMMUNITY RESOURCE CENTER

OF REHOBOTH BEACH

        Defendants,

Civ. Action No: 26 - 226

**COVER LETTER TO SUMMARIZE KEY ARGUMENTS FOR THE**

**[PROPOSED] VERIFIED COMPLAINT FOR INJUNCTIVE RELIEF**

## PARTIES IN THIS COMPLAINT

**Plaintiffs:**

Natalia E. Evans

Rebecca L. Evans

18010 Howard Dr.

Rehoboth Beach, DE 19971

302-532-6164

302-858-9264

nataliaevans2@yahoo.com

beckylaneevans@gmail.com


**Defendant 1**:

Erika V. Cuenca

Gregory K. Costantino

5265 Keystone St.

Pittsburg, PA 15201

(412) 414-8327

(412) 953-3331

erika.v.cuenca@gmail.com

gkcostantino@gmail.com


**Defendant 2:**

The Community Resource Center

37510 Oyster House Rd.

Rehoboth Beach, DE 19971

302-227-1340

nalexander@rehobothcommunitycenter.org

1

March 3, 2026

**SENT VIA CERTIFIED MAILING**
Clerk of the Court
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building and United States Courthouse
844 North King Street, Unit 18
Wilmington, DE 19801-3570
(302) 573-6170

**RE: Evans v. Cuenca; Evans v. Costantino; and Evans v. The Community Resource Center - Key Summary for Verified Complaint**

Dear Clerk of the Court:

Plaintiffs Rebecca L. Evans and Natalia E. Evans respectfully submit this cover letter to summarize the key arguments presented in our Verified Complaint for Injunctive Relief and Damages against Defendants Erika V. Cuenca, Gregory K. Costantino, and the Community Resource Center of Rehoboth Beach.

**I. EXECUTIVE SUMMARY**

This case involves two federal violations—obstruction of mail under 18 U.S.C. § 1701 and disability discrimination under Title III of the Americans with Disabilities Act—that have caused Plaintiffs to lose their only opportunity for affordable, accessible housing and now face imminent homelessness through eviction scheduled for February 28, 2026.

2

**Critical Timeline:**

**December 2024 - October 2025**: Landlord Defendants deny mailbox key for 10 months

**May 14, 2025**: Landlord Defendants permit the Plaintiffs to remain in home until the end of March 2026.

**July 17, 2025**: Plaintiffs miss affordable housing referral letter due to lack of mail access

**November 6, 2025**: Natalia struck by vehicle while traveling to retrieve mail (because service dog prohibited by CRC); sustains traumatic brain injury and permanent leg injury

**December 2025**: CRC retaliates by returning all mail to sender after Plaintiffs assert ADA rights

**December 2025**: Landlords serve eviction notice requiring vacatur by February 28, 2026

**Present**: Plaintiffs face homelessness with no alternative housing available

## II. KEY ARGUMENTS

### A. Federal Mail Obstruction (18 U.S.C. § 1701)

**Against Landlord Defendants:**

3

1. **Knowing and Willful Obstruction**: Landlords denied Plaintiffs the mailbox key from December 2024 through October 2025 despite repeated requests, falsely claiming HOA restrictions that do not exist in the MPSHA Bylaws.

2. **Direct Causation of Harm**: This obstruction directly caused Plaintiffs to miss the July 17, 2025 housing referral letter from Delaware Division of Health and Social Services, resulting in loss of an ADA-compliant affordable housing unit ($350/month rent) that would have prevented their current housing crisis.

3. **Discriminatory Nature**: Landlords forced two individuals with mobility and neurological disabilities to undertake a two-hour round-trip walk to retrieve mail, an impossibility given their medical conditions.

4. **USPS Intervention Required**: Only after USPS formally intervened and ordered Landlords to provide the key or pay for lock replacement did the mailbox become accessible in October 2025—ten months too late.

**Against Community Resource Center:**

4

1. **Retaliatory Mail Obstruction**: After Plaintiffs asserted their ADA rights regarding service dogs in November 2025, the CRC created an ad hoc "Mail Service Guidelines" policy and began returning all Plaintiffs' mail to sender.

2. **Ongoing Violation**: The CRC continues to return Plaintiffs' mail to sender as of January 2026, preventing them from receiving additional housing referrals, legal notices, and disability benefits correspondence.

3. **Pretextual "Fixed Housing" Determination**: The CRC deemed Plaintiffs' housing "fixed" despite receiving evidence of eviction proceedings, contradicting the McKinney-Vento Act's definition of temporary/unstable housing.

## B. Americans with Disabilities Act Violations (Against CRC)

**Prima Facie Case Established:**

1. **Covered Entity**: The CRC is a "social service center establishment" explicitly listed as a place of public accommodation under 42 U.S.C. § 12181(7)(K).

2. **Individuals with Disabilities**: Both Plaintiffs have documented disabilities (epilepsy, PTSD, PMDD, chronic fatigue, TBI) that substantially limit major life activities.

3. **Discrimination on Basis of Disability**: The CRC violated federal law by:

a. **Service Dog Exclusion**: Repeatedly prohibiting Plaintiffs from entering with seizure-alert service dogs, citing employee allergies without conducting allergy screening or reasonable accommodations.

b. **Segregation**: On the rare occasions Plaintiffs were permitted entry with service dogs, they were isolated to a separate room—providing unequal and inferior services.

c. **Screening Out Disabled Individuals**: Creating a mail policy that disproportionately excludes individuals with disabilities who cannot physically travel long distances to retrieve mail.

d. **Failure to Modify Policies**: Refusing to make reasonable modifications to mail services despite Plaintiffs' documented need for accommodation due to mobility limitations.

e. **Retaliation**: Terminating mail services immediately after Plaintiffs educated the CRC about ADA requirements and requested compliance.

6

**Direct Harm from ADA Violations:**

**November 6, 2025 Accident**: Natalia was traveling to the CRC *without* her service dog (because the CRC prohibited it) when she was struck by a vehicle, resulting in traumatic brain injury and permanent disability. The service dog's presence may have prevented this collision.

**Loss of Access to Critical Services**: Plaintiffs are now effectively excluded from food assistance, emergency aid, and community support programs essential to their survival.

## C. Urgent Need for Preliminary Injunctive Relief

### 1. Imminent Irreparable Harm

If the eviction proceeds on February 28, 2026, Plaintiffs will suffer irreparable harm that cannot be remedied by money damages:

**Homelessness**: No alternative affordable, ADA-compliant housing is available that accommodates three large service dogs.

7

**Loss of Medical Care**: Natalia requires ongoing treatment for traumatic brain injury, epilepsy, and seizure management. Homelessness would terminate this critical care.

**Loss of Disability Income**: Rebecca's employment as Natalia's paid caregiver would end, eliminating their only income source for rent.

**Health Deterioration**: Homelessness would exacerbate PTSD, anxiety, seizures, chronic fatigue, and recovery from traumatic brain injury.

**Family Separation**: Plaintiffs cannot reunite with their children without stable housing.

**Perpetual Housing Insecurity**: Without mail access, Plaintiffs cannot receive future housing referrals, creating a permanent barrier to escaping homelessness.

**2. Likelihood of Success on the Merits**

**Clear Federal Violations**: The evidence overwhelmingly establishes mail obstruction and ADA violations. USPS has already determined that Landlords obstructed mail; the CRC's service dog exclusion and mail return policies facially violate the ADA.

8

**Landlord Breach**: Landlords breached the rental agreement first by: (a) denying full possession (no mailbox key); (b) operating an illegal Airbnb; (c) failing to maintain appliances; and (d) withholding required disclosures.

### 3. Balance of Equities Favors Plaintiffs

**Plaintiffs Face Homelessness and Severe Health Consequences**

**Landlords Suffer Minimal Harm**: They have received substantial rent payments including $500 extra from the state. A stay pending resolution of contract disputes in Justice of the Peace Court imposes minimal burden.

**CRC Suffers No Harm**: Complying with federal law (accepting mail, permitting service dogs) is not a harm—it is a legal obligation.

### 4. Public Interest Strongly Favors Injunction

Preventing homelessness reduces public costs and promotes human dignity.

Enforcing federal disability rights and mail protection laws serves the public interest in equal justice.

Holding nonprofit social service centers accountable to the ADA ensures vulnerable populations receive equal treatment.

## III. RELIEF REQUESTED

**Preliminary Injunctive Relief (Immediate):**

1. **Stay the Eviction**: Halt summary possession proceedings until the Justice of the Peace Court determines whether Landlords first breached the rental agreement and until alternative affordable housing becomes available.

2. **Prohibit Holdover Fees**: Order that Plaintiffs need not pay holdover tenancy fees during the pendency of these proceedings.

3. **Restore Mail Access**: Order the CRC to immediately cease returning Plaintiffs' mail to sender and resume mail services as a reasonable ADA accommodation.

4. **Permit Service Dogs**: Order the CRC to allow Plaintiffs entry with service dogs in all public areas, in compliance with federal law.

**Permanent Relief (After Trial):**

5. **Permanent Injunctions**: Prohibiting future mail obstruction, disability discrimination, service dog exclusion, and retaliation.

6. **Compensatory Damages**: For loss of housing opportunity, emotional distress, medical expenses, and out-of-pocket costs.

7. **Equitable Rental Assistance**: If within the Court's power, order the CRC to provide rental assistance at a rate commensurate with the lost affordable housing opportunity (not to exceed $2,850/month), based on Plaintiffs' rental history and current market rates in the Rehoboth Beach area.

8. **Attorneys' Fees and Costs**: Pursuant to 42 U.S.C. § 12205 and other applicable law.

11

## IV. WHY THIS CASE DEMANDS IMMEDIATE FEDERAL INTERVENTION

### 1. Federal Violations Require Federal Forum

The Justice of the Peace Court lacks jurisdiction over federal mail obstruction and ADA claims. Only this Court can provide complete relief addressing all violations.

### 2. Time-Sensitive Emergency

With an eviction notice scheduled for February 28, 2026, and a hearing scheduled for March 9, 2026, Plaintiffs have less than a week to secure injunctive relief. Delay means homelessness.

### 3. Systemic Discrimination Against Disabled Individuals

This case involves not isolated incidents but systematic exclusion of individuals with disabilities from housing stability, mail access, and community services—core civil rights violations.

### 4. Opportunity for Justice

Plaintiffs lost their one chance at affordable, accessible housing due to Defendants' unlawful conduct. This Court has the equitable power to prevent compounding that injustice with homelessness.

## V. UNIQUE CIRCUMSTANCES WARRANTING EXTRAORDINARY RELIEF

**The Perfect Storm of Injustice:**

1. Landlords operated illegal Airbnb, violating HOA bylaws

2. Landlords denied mailbox key for 10 months, violating federal mail law

3. Plaintiffs missed July 2025 affordable housing letter due to mail obstruction

4. CRC prohibited service dogs, violating ADA

5. Natalia injured in November 2025 accident while traveling *without* service dog (prohibited by CRC)

6. CRC retaliated by returning all mail to sender

7. Landlords served eviction notice in December 2025

8. No alternative affordable, accessible housing exists

9. Homelessness would terminate medical care for traumatic brain injury

10. Plaintiffs face February 28, 2026 eviction with nowhere to go

13

**Each violation built upon the last, creating a cascade of harm that now threatens Plaintiffs with homelessness, loss of medical care, and permanent disability.**

## VI. GOOD FAITH AND ATTEMPTS TO RESOLVE

Plaintiffs have exhausted all reasonable attempts to resolve these matters:

Requested mailbox key repeatedly from December 2024 - October 2025

Educated CRC about ADA requirements in November 2025

Offered reduced rent to Landlords commensurate with lost services

Filed USPS complaint (Service Request #82461252)

Filed complaint with Delaware Division of Human and Civil Rights

Attempted mediation through email correspondence

Raised contract defenses in Justice of the Peace Court

**Defendants have refused to remedy their violations, necessitating this federal action.**

## VII. CONCLUSION

Rebecca and Natalia Evans are two disabled individuals who have been systematically denied their federal rights to mail access, equal accommodation, and freedom from discrimination. They missed their only opportunity for affordable, accessible housing due to unlawful mail obstruction. One was severely injured in an accident that occurred because a nonprofit illegally excluded her service dog. Now they face homelessness with an upcoming summary possession

14

hearing next week on March 9, 2026 with no viable alternatives.

This is precisely the type of emergency that warrants preliminary injunctive relief. Plaintiffs respectfully request that this Court exercise its equitable powers to:

**Stop the eviction** until underlying federal violations and contract disputes are resolved;

**Restore mail access** so Plaintiffs can receive housing referrals and legal notices;

**Enforce disability rights** so vulnerable individuals are not excluded from community services; and

**Prevent irreparable harm** to two human beings whose health, safety, and dignity hang in the balance.

Justice delayed is justice denied. Plaintiffs urgently request a hearing on their motion for preliminary injunctive relief at the Court's earliest convenience.

**Respectfully submitted,**

*/s/ Rebecca L. Evans*
**Rebecca L. Evans**
18010 Howard Drive
Rehoboth Beach, DE 19971
(302) 858-9264
beckylaneevans@gmail.com

15

*/s/ Natalia E. Evans*
**Natalia E. Evans**
18010 Howard Drive
Rehoboth Beach, DE 19971
(302) 532-6164
nataliaevans2@yahoo.com

*Pro Se Plaintiffs*

**Attachments:**

Verified Complaint for Injunctive Relief and Damages

Exhibits A through U (as listed in Complaint)

Proposed Order for Preliminary Injunction