IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| NATALIA E. EVANS, REBECCA L. EVANS, | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 26-226-CFC-EGT |
| ERIKA V. CUENCA, GREGORY K. COSTANTINO, THE COMMUNITY RESOURCE CENTER OF REHOBATH BEACH, | ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER AND REPORT AND RECOMMENDATION

Presently before the Court is the motion of *pro se* Plaintiffs Natalia Evans and Rebecca Evans (together, "Plaintiffs") for a temporary restraining order and preliminary injunction against Erika Cuenca, Gregory Costantino and the Community Resource Center of Rehoboth Beach (collectively, "Defendants") to "stay eviction, stay writ of possession, stay return of mail, and for related relief." (D.I. 13). For the reasons set forth below, the Court recommends that Plaintiffs' motion for injunctive relief be DENIED and further orders that the remainder of Plaintiffs' motion and Plaintiff's renewed motion for electronic filing rights (D.I. 10) be DENIED.[1]

## I.   BACKGROUND

Plaintiffs assert claims of criminal mail obstruction (18 U.S.C. § 1701) and violations of the Americans with Disabilities Act ("ADA"). (D.I. 3). In particular, Plaintiffs allege that the

---

[1]   Only the portion of Plaintiffs' motion that relates to injunctive relief requires recommended disposition under 28 U.S.C. § 636 – the remainder of the requested relief is considered non-dispositive. *See Holt v. Givens*, 757 F. App'x 915, 919 (11th Cir. 2018) (recusal is non-dispositive); *Brown v. House*, 2019 WL 1297505, at *1 (W.D. Pa. Mar. 21, 2019) (treating motion to consolidate as non-dispositive); *McManus v. Giroux*, 2013 WL 3346848, at *2 (M.D. Pa. July 2, 2013) (collecting cases treating a § 1404(a) motion as non-dispositive).

"Landlord Defendants" (seemingly Mr. Costantino and Ms. Cuenca) prevented Plaintiffs from accessing their mailbox for nearly a year, causing them to miss a referral letter for affordable housing. (*Id.* at 2; *see also* D.I. 13 ¶¶ 11-12). Additionally, Plaintiff Natalia Evans alleges that she was struck by a vehicle while attempting to retrieve her mail without her service dog because Defendant Community Resource Center of Rehoboth Beach ("CRC") prohibits service dogs. (D.I. 3 at 2 & 13). Plaintiff Natalia Evans further alleges that, after this incident, CRC retaliated against Plaintiffs and began returning all of their mail to the original sender until the "Landlords" (again, presumably Mr. Costantino and Ms. Cuenca) served an eviction notice. (*Id.*). On March 4, 2026, the same day that they filed the Complaint in this action, Plaintiffs filed an emergency motion for a temporary restraining order seeking to stay Justice of the Peace Court proceedings related to the eviction, enjoin Defendants from seeking to evict Plaintiffs and to enjoin CRC from "interfering with any mail addressed to Plaintiffs." (D.I. 5 at 19-20).

Judge Andrews denied the first emergency motion for temporary restraining order because there was no evidence that Defendants were given notice of the motion. (D.I. 7 at 1). In his order, Judge Andrews also explained that the primary relief Plaintiffs requested – enjoining state court proceedings – is generally prohibited under the Anti-Injunction Act. (*Id.* at 2 n.1 (quoting 28 U.S.C. § 2283)). Plaintiffs unsuccessfully sought reconsideration of Judge Andrews's ruling. (*See* D.I. 9 & 11). On March 11, 2026, this case was reassigned to Chief Judge Connolly, who subsequently referred this matter to the undersigned on March 13, 2026.

On May 8, 2026, Plaintiffs filed a new motion for an emergency temporary restraining order. (D.I. 13; *see also* D.I. 14). Plaintiffs again seek to stay proceedings in the Justice of the Peace Court related to the eviction; Plaintiffs also seek to enjoin CRC from returning mail to

sender, to be granted electronic filing rights,[2] to consolidate the pending action with proceedings in Kent County, Delaware, for the undersigned to recuse herself and for other relief related to the merits of this action. (*See* D.I. 13 at 22-24). Plaintiffs appear to attempt to bring new claims for violation of their procedural and substantive due process rights, failure to supervise, the Rehabilitation Act, and civil rights conspiracy in their renewed motion. (*See id.* ¶¶ 51-67). Plaintiffs also appear to attempt to name new defendants in the motion: "the Superior Court of the State of Delaware in and for Sussex County and Justice of the Peace Court 17, Sussex County, Delaware." (*See* D.I. 13 at 1). These entities are not named in the Complaint filed on March 4, 2026. (*See* D.I. 3). Plaintiff provided an "emergency status update" on May 12, 2026 regarding the progression of state court eviction proceedings. (D.I. 14).

## II.    DISCUSSION

Plaintiffs request various forms of relief in their motion. The Court will first address the request for the undersigned's recusal. Because the undersigned finds the request meritless, the Court will then address the remainder of Plaintiffs' motion.

### A.    Recusal

Plaintiffs argue that recusal is warranted under 28 U.S.C. § 455 because the undersigned "may have a prior relationship with or knowledge of William P. Brady . . . counsel for Defendants Cuenca and Costantino." (D.I. 13 ¶ 68). Plaintiffs do not indicate whether this recusal request is addressed to the undersigned, to the district judge presiding over this case (Chief Judge Connolly) or a passing reference to a judge in the Justice of the Peace Court proceeding. (*See id.*; D.I. 13,

---

[2]    Plaintiffs "incorporate" their pending motion for electronic filing rights (D.I. 10) into their motion for injunctive relief. (*See* D.I. 13 ¶ 40).

Ex. C at 12). Because of this ambiguity, the undersigned addresses this portion of the motion as if directed to her own recusal.

Recusal under 28 U.S.C. § 455(a) is required in any proceeding in which the judge's impartiality "might reasonably be questioned." The test for recusal is whether "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned." *In re Kensington Int'l Ltd.*, 353 F.3d 211, 220 (3d Cir. 2003). It is the appearance of bias that is of import – not whether the judge is actually biased. *Id.*

Plaintiffs' sole factual basis for recusal is that the undersigned "[might] have had a prior relationship with or knowledge of" counsel for some of the Defendants. (D.I. 13 ¶ 68; *see also id.* at 6, 23). Not so. The undersigned has no recollection of ever meeting Mr. Brady. A reasonable person would not conclude that a judge's impartiality should be questioned based on a complete stranger serving as counsel for a party before that judge. Plaintiff's request for recusal under § 455(a) is therefore without merit as applied to the undersigned.

Recusal under the catchall – 28 U.S.C. § 455(b)(1) – requires disqualification only if the judge "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *In re Kensington*, 353 F.3d at 220-21. The catchall is not applicable here for the same reasons that recusal under § 455(a) is not warranted – namely, that the undersigned has never met Mr. Brady. The undersigned also has no knowledge of facts related to Plaintiffs' case beyond those that appear in filings with this Court. Accordingly, Plaintiffs' request for the undersigned to recuse herself is denied.

## B. Injunctive Relief

Next, Plaintiffs emergently request a temporary restraining order and preliminary injunction. Such preliminary injunctive relief is an extraordinary remedy appropriate only in "limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004); *see*

*also Bullock v. Carney*, 463 F. Supp. 3d 519, 523 (D. Del. 2020). The movant must clearly show, among other things, that they are likely to succeed on the merits and will suffer "irreparable harm" without the requested injunctive relief. *Bullock*, 463 F. Supp. 3d at 523; *see also Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Like Judge Andrews, the Court will only address the portion of Plaintiffs' motion that relates to a potential emergency – Plaintiffs' eviction from their home.[3] Plaintiffs request that this Court stay the "writ of possession and/or order of eviction" and "direct JP Court 17 to preserve and certify the complete case record in Case No. JP17-25-008733." (D.I. 13 at 22-23). As Judge Andrews previously indicated to Plaintiffs, a federal court such as this one generally cannot enjoin a state court. *See* 28 U.S.C. § 2283. Although actions under 42 U.S.C. § 1983 are exempt from the Anti-Injunction Act, *see Mitchum v. Foster*, 407 U.S. 225, 243 (1972), state courts do not qualify as a "person" under § 1983, *see Clark v. Clark*, 984 F.2d 272, 273 (8th Cir. 1993). Plaintiffs' § 1983 "claims" against the state court "defendants" are thus meritless and this exception to the Anti-Injunction Act does not apply. Plaintiffs' other claims – the ADA and the Rehabilitation Act – do not appear to create exceptions. *See Kucherenko v. Chelsea Housing Authority*, 2023 WL 12098666, at *4 (D. Mass. Aug. 28, 2023). And Plaintiffs make no attempt to explain why an exception to the Anti-Injunction Act would otherwise apply in this case. (*See*

---

[3]     The remaining injunctive relief requested – enjoining CRC from returning Plaintiffs' mail (D.I. 13 at 22-23) – is unlikely to succeed on the merits because Plaintiffs appear to seek to enforce a criminal statute. *See Hughes v. Ind. Dep't of Corrections*, 2025 WL 2992318, at *1 (7th Cir. Oct. 24, 2025) (no private right of action to enforce 18 U.S.C. § 1701); *Whitney v. U.S. Postal Serv.*, 101 F.3d 686 (2d Cir. 1996) (table) (same). It is also unclear whether Plaintiffs still assert this claim because the pending motion does not mention this as a "Count." Although it is briefly mentioned in their 42 U.S.C. § 1985(3) claim, the Court cannot discern any facts indicating that CRC is returning mail **because of** Plaintiffs' disabilities. If Plaintiffs seek this relief for their alleged conspiracy, it alternatively fails for that reason. *Davis v. Wigen*, 82 F.4th 204, 214-15 (3d Cir. 2024).

D.I. 13 ¶ 37).  Because Plaintiff's requested relief appears barred by the Anti-Injunction Act, the

Court recommends that the motion for a temporary restraining order or preliminary injunction be

denied.[4]  *Atl. Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs*, 398 U.S. 281, 297 (1970) (any

doubts about the propriety of enjoining state courts should be resolved by not issuing injunction).

C.      **"Consolidation" and "Transfer"**

Plaintiffs also request that this court "consolidate the related proceedings in this District

pursuant to Fed. R. Civ. P. 42(a) and, if appropriate, transfer consolidated proceedings to Kent

County." (D.I. 13 at 23).  The Court has been unable to locate any related cases before this Court

that involve Plaintiffs.  Based on what the Court can discern from Plaintiffs' motion, it appears

that Plaintiffs believe that instant motion for a temporary restraining order (D.I. 13) was filed in a

different case than their initial motion (D.I. 5) and motion for reconsideration (D.I. 9).  (*See* D.I. 13

¶¶ 70-72).  But Plaintiffs are mistaken – all of these motions were filed in the same case.

Consolidation under Rule 42(a) is unwarranted because there is no second action pending and the

rule is inapplicable.  *See* FED. R. CIV. P. 42(a) ("If *actions* before the court . . . ." (emphasis added)).

As to Plaintiffs' request that this case be "transferred to Kent County, Delaware, pursuant

to 28 U.S.C. 1404(a)" (D.I. 13 ¶ 72), there is no United States District Court for the District of

Delaware in Kent County, Delaware.  There is one federal court in the District of Delaware, and it

is located in Wilmington, Delaware.  To the extent that Plaintiffs are requesting transfer to a state

---

[4]     The Court makes this recommendation without considering the significant procedural errors in Plaintiffs' motion.  For example, the caption of the motion names the Superior Court of the State of Delaware in and for Sussex County and Justice of the Peace Court 17, Sussex County, Delaware as Defendants for the first time in this motion. (*Compare* D.I. 13 at 1 (motion), *with* D.I. 3 at 1 (Complaint)).  Plaintiffs have not amended their pleading or requested leave to amend.  These court entities are therefore not parties to this proceeding, and this is a separate basis to deny relief against them.  Plaintiffs must abide by procedural rules without court guidance.  *See Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013) ("The general rule . . . is that courts need not provide substantive legal advice to pro se litigants."); *id.* at 245 ("[Pro se litigants] cannot flout procedural rules.").

court in Kent County under 28 U.S.C. § 1404(a), that request is denied because transfer between different court systems under § 1404(a) is not permitted. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) ("For the remaining set of cases calling for a nonfederal forum, § 1404(a) has no application.").

    **D.**      **Request for Electronic Filing Rights**

Also pending is Plaintiffs' renewed request for permission to electronically file documents using CM/ECF. (D.I. 10). Judge Andrews previously denied an earlier motion for electronic filing rights because Plaintiffs had failed to indicate that they had undertaken the steps necessary in this Court to obtain such permission. (D.I. 7 at 1). Plaintiffs' renewed motion is still deficient. For example, per the CM/ECF Registration/Training section of the Court's website, Plaintiffs must indicate in their motion that they have independently reviewed all of the materials and related topics on the Court's website and that they have registered for a PACER account. Plaintiffs failed to state that they have reviewed all of the necessary materials. Plaintiffs' renewed motion for electronic filing rights will therefore be denied without prejudice to renew.

**III.**    <u>**CONCLUSION**</u>

For the foregoing reasons, the Court recommends that Plaintiffs' motion for a temporary restraining order and preliminary injunction (D.I. 13) be DENIED. The remainder of Plaintiffs' motion (D.I. 13) and Plaintiffs' renewed motion for electronic filing rights (D.I. 10) are DENIED.

Plaintiff may file objections to this Order and Report and Recommendation within fourteen (14) days after being served with a copy of the Order and Report and Recommendation. *See* FED. R. CIV. P. 72(a) & (b)(2); *see also* FED. R. CIV. P. 6(d). Objections are limited to seven (7) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights or the right to appellate review. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866

F.3d 93, 99-100 (3d Cir. 2017); *United Steelworkers of America, AFL-CIO v. New Jersey Zinc Co.*, 828 F.2d 1001, 1006-08 (3d Cir. 1987); *Bello v. United Pan Am. Fin. Corp.*, 2025 WL 275109, at *3 n.5 (3d Cir. Jan. 23, 2025).

This Order and Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(A) & (B), Federal Rule of Civil Procedure 72(a) & (b) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: May 13, 2026

_____
UNITED STATES MAGISTRATE JUDGE

8