IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NATALIA E. EVANS,<br>REBECCA L. EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>ERIKA V. CUENCA,<br>GREGORY K. COSTANTINO,<br>THE COMMUNITY RESOURCE CENTER<br>OF REHOBATH BEACH,<br><br>Defendants. | ) | C.A. No. 26-226-CFC-EGT |

**ORDER & REPORT AND RECOMMENDATION**

Plaintiffs Natalia Evans and Rebecca Evans (together, "Plaintiffs") filed their original Complaint on March 3, 2026. (D.I. 3). Plaintiffs both appear *pro se* and have been granted leave to proceed *in forma pauperis*. (D.I. 7). The Court previously denied Plaintiffs' motion for a temporary restraining order and preliminary injunction to stay eviction proceedings. (D.I. 15). The Court now screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). For the reasons set forth below, the Court recommends that service proceed as to Defendant Community Resource Center of Rehoboth Beach ("the Community Resource Center") on the Americans with Disabilities ("ADA") discrimination claim and that the remaining claims be DISMISSED, with certain claims to be DISMISSED WITH PREJUDICE.

## I. BACKGROUND

Plaintiffs assert claims of criminal mail obstruction (18 U.S.C. § 1701) and violations of the ADA. (D.I. 3). Specifically, Plaintiffs allege that the "Landlord Defendants" (seemingly Gregory Costantino and Erika Cuenca) prevented Plaintiffs from accessing their mailbox for nearly a year, causing them to miss a referral letter for affordable housing. (*Id.* at 2; *see also*

D.I. 13 ¶¶ 11-12). Plaintiffs claim that the Community Resource Center has also interfered with Plaintiffs' ability to receive mail by returning their mail to sender since November 2025. (D.I. 3 at 5). Plaintiffs also claim that the Community Resource Center has violated the ADA by (1) prohibiting Plaintiffs' service dogs from entering, (2) limiting Plaintiffs' access to certain areas when their service dogs are allowed to enter and (3) interfering with Plaintiffs' mail after being informed of certain requirements under the ADA. (*Id.* at 5-6). As a result of these violations, Plaintiffs are apparently "now effectively excluded from food assistance, emergency aid, and community support programs essential to their survival." (*Id.* at 7). Plaintiff Natalia Evans also separately claims that she was struck by a vehicle while attempting to retrieve her mail without her service dog because the Community Resource Center prohibited the service dog. (*Id.* at 2 & 13). Plaintiffs seek various forms of compensatory (*e.g.*, emotional distress damages) and injunctive relief (*e.g.*, permitting service dogs), some of which is now moot. (*See id.* at 10-11 (seeking stay of eviction, prohibition of holdover fees, etc.); *see also* D.I. 17 (eviction notice)).

## II. <u>LEGAL STANDARDS</u>

A federal court may dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (cleaned up); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and view them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). A *pro se* plaintiff's pleading is liberally construed and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of § 1915, however, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" entitlement to relief. *Iqbal*, 556 U.S. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Determining whether a claim is plausible

is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## III. DISCUSSION

In the original Complaint, Plaintiffs assert claims of criminal mail obstruction against all Defendants and violation of the ADA against the Community Resource Center. (*See generally* D.I. 3). The Court addresses the claims in turn.

### A. Federal Mail Obstruction Under 18 U.S.C. § 1701

According to the Complaint, Defendants Cuenca and Costantino denied Plaintiffs access to "the mailbox key," which resulted in Plaintiffs missing a July 2025 housing referral letter from the Delaware Division of Health and Social Services. (D.I. 3 at 4). That referral letter would have apparently resulted in Plaintiffs obtaining "an ADA-compliant affordable housing unit ($350/month rent)." (*Id.*). Plaintiffs offer no additional details regarding the unit that would have become available to them had they received the letter. Plaintiffs further allege that, by depriving them of the mailbox key, Defendants Cuenca and Costantino forced "two individuals with mobility and neurological disabilities to undertake a two-hour round-trip walk to retrieve mail" – a situation that only resolved when the United States Postal Service intervened. (*Id.*). As to Defendant Community Resource Center, it allegedly began returning all of Plaintiffs' mail to sender in November 2025 after "Plaintiffs asserted their ADA rights regarding service dogs." (*Id.* at 5).

In asserting federal mail obstruction claims, Plaintiffs are attempting to enforce a criminal statute. That is not permissible. *See Hughes v. Ind. Dep't of Corr.*, No. 24-3179, 2025 WL 2992318, at *1 (7th Cir. Oct. 24, 2025) (no private right of action to enforce 18 U.S.C. § 1701); *Whitney v. U.S. Postal Serv.*, 101 F.3d 686 (2d Cir. 1996) (table) (same). The Court therefore

recommends that Plaintiffs' claims against Defendants under 18 U.S.C. § 1701 be dismissed as frivolous and with prejudice.

**B. ADA Claims Against Community Resource Center**

Although the allegations are difficult to parse, Plaintiffs appear to be asserting discrimination and retaliation claims under Title III of the ADA against Defendant Community Resource Center. (*See* D.I. 3 at 5-7). In particular, Plaintiffs complain that the Community Resource Center has failed to accommodate their need for service-dog access, treated them differently based on their disability and retaliated against them by terminating mail services once Plaintiffs mentioned their ADA rights. (*Id.* at 5-6).

Title III of the ADA prohibits owners and operators of public accommodations from discriminating against individuals on the basis of disability. *See* 42 U.S.C. § 12182(a); *see also Menkowitz v. Pottstown Mem'l Med. Ctr.*, 154 F.3d 113, 116 (3d Cir. 1998). Discrimination is not explicitly defined in the statute, but "broad categories" of prohibited conduct are listed and include a prohibition on denying individuals "the opportunity . . . to participate in or benefit from the goods [or] services" of a place of public accommodation. *McGann v. Cinemark USA, Inc.*, 873 F.3d 218, 222 (3d Cir. 2017) (quoting 42 U.S.C. § 12182(b)(1)(A)(i)). "An essential feature of this 'prohibition against discrimination' is, of course, the duty to make 'reasonable accommodations' . . . ." *Berardelli v. Allied Servs. Inst. of Rehab. Med.*, 900 F.3d 104, 117 (3d Cir. 2018). Moreover, places of public accommodations are also prohibited from retaliating against individuals for opposing any unlawful act under the ADA or for engaging in otherwise protected conduct under the ADA. *See* 42 U.S.C. § 12203.

The Court first turns to Plaintiffs' discrimination claim under the ADA. Without specifying who suffers from which condition, Plaintiffs allege that they both "have documented

disabilities (epilepsy, PTSD, PMDD, chronic fatigue, TBI) that substantially limit major life activities." (D.I. 3 at 6). That is sufficient to allege a covered disability at this stage. *See* 42 U.S.C. § 12102. Plaintiffs assert that they have seizure-alert service dogs and that Community Resource Center prohibited those service dogs from entering or limited their access to only certain parts of the facility. (D.I. 3 at 6). By prohibiting Plaintiffs' service dogs from entering and accessing all common areas, the Community Resource Center has denied Plaintiffs the opportunity to participate in and benefit from goods and services offered by the center. *See Berardelli*, 900 F.3d at 118 ("A year after the ADA's enactment, the DOJ, its administering agency, promulgated a regulation that made accommodation of the use of service animals generally reasonable under the 'reasonable modification' requirement."); *see also* 28 C.F.R. §§ 36.302(c)(1) ("Generally, a public accommodation shall modify policies, practices, or procedures to permit the use of a service animal by an individual with a disability.") & (c)(7) ("Individuals with disabilities shall be permitted to be accompanied by their service animals in all areas of a place of public accommodation where members of the public, program participants, clients, customers, patrons, or invitees, as relevant, are allowed to go."). That constitutes discrimination under Title III of the ADA. Plaintiffs' discrimination claims under Title III of the ADA should be allowed proceed to service.

As to Plaintiffs' ADA retaliation claim, the Court reaches a different result. According to Plaintiffs, the Community Resource Center retaliated against Plaintiffs after they purportedly asserted their rights under the ADA – and that retaliation took the form of interfering with Plaintiffs' mail. (D.I. 3 at 6). The problem with Plaintiffs' claim is that they never allege – plausibly or otherwise – that the Community Resource Center was receiving and holding any mail on Plaintiffs' behalf or that they were obligated to do so. The Court has no plausible basis to conclude that the Community Resource Center was ever in a position to do anything with

Plaintiffs' mail, retaliatorily or otherwise. The Court thus recommends that Plaintiffs' claims of retaliation under the ADA be dismissed for failure to state a claim.[1]

**C. Leave to Amend**

As set forth above, the Court recommends that Plaintiffs' ADA discrimination claim be allowed to proceed as to Community Resource Center; the remainder of Plaintiff's claims should be dismissed. Plaintiffs' claims for federal mail obstruction should be dismissed with prejudice as frivolous. As to the remaining dismissed claims, the Court is unable to conclude at this point that amendment would be futile and, as such, recommends that these claims be dismissed with leave to amend.[2] Any amended pleading filed by Plaintiff must be a comprehensive pleading that stands by itself without reference to previously filed (and dismissed) pleadings and which sets forth the claims in short, concise statements with adequate factual support.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court recommends that (1) Plaintiffs' ADA discrimination claim against Defendant Community Resource Center be allowed to proceed, (2) Plaintiffs' claims for federal mail obstruction be DISMISSED WITH PREJUDICE and (3) Plaintiffs' remaining claims be DISMISSED WITHOUT PREJUDICE. The Court further recommends that Plaintiff be given thirty (30) days from the date this Report and Recommendation is adopted to file an amended pleading or service shall proceed on the surviving claims of the original Complaint.

---

1 To the extent that Plaintiffs are attempting to assert ADA discrimination on the basis of a mail policy (D.I. 3 at 6), the claim fails for the same reason. Plaintiffs fail to allege that the Community Resource Center was in fact – or was supposed to be – receiving their mail. Any ADA claim based on a purportedly discriminatory mail policy should be dismissed.

2 In their motion for a temporary restraining order, Plaintiffs included what seem to be amended claims. (*See* D.I. 13 at 5-16, 18-23 & 26-28). But an amended pleading is to be presented as a standalone document, not strewn throughout a motion seeking preliminary injunctive relief. Despite the Court pointing out this procedural error (D.I. 15 at 6 n.4), Plaintiffs have never amended – or requested leave to amend – their complaint.

Plaintiff may file objections to this Report and Recommendation within fourteen (14) days after being served with a copy of the Report and Recommendation. *See* FED. R. CIV. P. 72(b); *see also* FED. R. CIV. P. 6(d). Objections are limited to five (5) pages. The failure of a party to object may result in the loss of the right to review in the district court and the loss of certain appellate rights. *See Henderson v. Carlson*, 812 F.2d 874, 878-79 (3d Cir. 1987); *Equal Emp. Opportunity Comm'n v. City of Long Branch*, 866 F.3d 93, 99-100 (3d Cir. 2017).

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b)(1) and District of Delaware Local Rule 72.1. Parties are directed to the court's "Standing Order for Objections Filed Under Fed. R. Civ. P. 72," dated March 7, 2022, a copy of which is available on the court's website, https://www.ded.uscourts.gov.

Dated: October 20, 2026

UNITED STATES MAGISTRATE JUDGE